PER CURIAM.
This matter is before the Court on Respondent’s Petition for Leave to Resign from The Florida Bar, pursuant to Article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Florida Bar filed its response supporting the Petition for Leave to Resign stating:
WALTER OWEN WEST has been placed on 5 years probation after adjudication of guilt has been withheld, as shown in his petition, and as a condition of probation may not apply for reinstatement during said probation.
The Florida Bar’s investigation shows that WALTER OWEN WEST or. his salesman employee William E. Lemke or both were directly involved in sales of mortgages to 11 investors for a total of $129,000.00, all of which may not be entirely lost due to some mortgages having some small value.
The Florida Bar has been advised that an additional criminal charge has been filed in Sarasota County involving the improper transfer from his mortgage broker’s escrow account of funds belonging to Mr. and Mrs. S. Peter Pieragnoli. However, this amount is included in their total losses as investors.
The Florida Bar has, however, been advised further that any other criminal allegations against Mr. West are not likely to result in any changed or additional sentence.
The transactions forming the basis of the criminal charges against WALTER OWEN WEST in no way involve the practice of law.
Mr. West, at the time of these offenses and thereafter, has not been actively engaged in the practice of law.
The Florida Bar submits that any future reinstatement of WALTER OWEN WEST to the practice of law should be conditioned on proof of restitution of losses to those investors directly solicited by Mr. West or his employee salesman William E. Lemke, together with proof of rehabilitation.
The Petition for Leave to Resign from The Florida Bar is granted on the condi *432 tions stated in the order withholding adjudication of guilt and placing Walter Owen West on probation and any future reinstatement of respondent to the practice of law shall be conditioned on proof of restitution of losses to those investors directly solicited by respondent or his employee salesman William E. Lemke, together with proof of rehabilitation.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.